

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**ANDREW B. SPEARS**
*Assistant Corporation Counsel*
phone: (212) 356-3159
fax: (212) 356-1148
aspears@law.nyc.gov

August 17, 2020

**VIA ECF**
Hon. Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    Mark McKinley v. City of New York, et al.,
                20 Civ. 3606 (KPF)

Your Honor:

      I am the attorney assigned to represent defendant the City of New York ("the City") in the above-referenced matter. The City writes: (1) to clarify Court's Order of August 11, 2020 (ECF No. 17) in light of the filing of plaintiff's Amended Complaint (ECF No. 14); and (2) to respectfully request that the initial pretrial conference scheduled for August 25, 2020 at 12:00 p.m. be adjourned until after the City's response to the Court's Valentin Order, currently due on October 10, 2020. (ECF No. 17). This is the City's first request for an adjournment. Plaintiff does not consent to the requested adjournment.

      By way of background, the Complaint alleges that on March 27, 2018, plaintiff was falsely arrested, illegally searched, and subjected to excessive force by five "John Doe" NYPD officers.[1] (See ECF No. 2). More specifically, plaintiff alleges that he was falsely arrested, illegally searched, and subjected to excessive force inside the lobby of 64 Essex Street, New York, NY, by four unidentified NYPD officers and then later illegally strip-searched and subjected to excessive force inside the 9th Precinct by "John Doe #2." (Id.) On May 11, 2020, the Court issued a Valentin Order instructing this Office to identify the "John Doe" defendants named in plaintiff's Complaint by July 10, 2020. (ECF No. 6). On May 15, 2020, the Court issued a Notice of Initial Pretrial Conference, scheduling a conference for August 25, 2020, at

---

[1] The "John Doe" officers are identified in the Complaint as, "POLICE OFFICER JOH.N DOE, Shield No. 947732," (referred to herein as "John Doe #1"); "POLICE OFFICER JOHN DOE, working in the 9th Precinct" (referred to herein as "John Doe #2"); "POLICE OFFICER JOHN DOE, working special narcotics north" (referred to herein as "John Doe #3"); "POLICE OFFICER JOHN DOE, working special narcotics north" (referred to herein as "John Doe #4"); and "POLICE OFFICER JOHN DOE, working special narcotics north" (referred to herein as "John Doe #5").

12:00 p.m., and instructing the parties to each file a pre-conference letter by August 20, 2020. (ECF No. 8).

On July 10, 2020, the City wrote to provide the names and service addresses of three of the five "John Doe" defendants, further explaining that it could not identify the remaining two "John Does" without additional information. (ECF No. 11). On July 14, 2020, the Court ordered plaintiff to "provide any additional information to assist with the identification of the remaining two 'John Doe' defendants" by August 4, 2020." (ECF No. 13). The Court further noted that "[o]nce all defendants that can be identified have been identified, the Court will issue a schedule for amended pleadings and responses." (Id.) On August 4, 2020, plaintiff submitted a letter purporting to provide sufficiently identifying information as to "John Does #2 and #5," as well as an Amended Complaint naming the three defendants previously identified by the City on July 10, 2020. (ECF Nos. 14, 15). On August 5, 2020, pursuant to the Court's Notice of Initial Pretrial Conference, plaintiff submitted a pre-conference letter. (ECF No. 16). On August 11, 2020, the Court ordered this Office to "ascertain the full identity and badge numbers (if applicable) of the two remaining 'John Doe' Defendants" within sixty days." (ECF No. 17). The Court further noted that although plaintiff had "already amended his complaint to name as defendants the three officers that Corporation Counsel identified in its July 10, 2020 letter…[it would] grant Plaintiff leave to amend the Complaint again if any additional Defendants are identified." (Id.)

The City is respectfully requesting clarification of the Court's Order, to confirm that the City's response to the Amended Complaint will be due following the identification of the "John Doe" defendants, and any further amendment to the Complaint. The Court previously ordered that a schedule for amended pleadings and responses would be issued following the identification, if any, of the remaining "John Doe" defendants. (See ECF Nos. 13, 17). However, plaintiff subsequently filed an Amended Complaint, to which the City's deadline to respond would otherwise be August 18, 2020. See Fed. R. Civ. P. 15(a)(3). As it appears the Court intended to schedule responses to any amended pleadings for after the identification of the remaining "John Doe" defendants, the City is respectfully requesting confirmation that no response to the Amended Complaint need be filed by the City until any remaining "John Does" who can be identified have been identified.

The City is further respectfully requesting that the August 25, 2020 initial pretrial conference be adjourned. There are no outstanding motions in this case, and the only existing deadline relates to the City's Valentin obligation. As the City is still making efforts to identify the remaining two "John Does" in this case, it would be premature to fix a discovery schedule at this time. Adjourning the conference will conserve the resources of the parties and the Court. Accordingly, the City respectfully requests that the Court adjourn the conference scheduled for August 25, 2020, to a date following the identification, if any, of "John Does #2 and #5".

The City of New York thanks the Court for its time and attention to this matter.

Respectfully submitted,

*Andrew B. Spears*   /s

Andrew B. Spears
*Assistant Corporation Counsel*
Special Federal Litigation Division


cc:   **VIA U.S. MAIL**
Mark McKinley
18-A-3270
Elmira Correctional Facility[2]
P.O. Box 500
Elmira, NY 14902

Mark McKinley
18-A-3270
Marcy Correctional Facility
9000 Old River Road
P.O. Box 3600
Marcy, NY 13403

---

[2] Upon information and belief, plaintiff was relocated to Marcy Correctional Facility on August 13, 2020.

Defendants' obligation to respond to Plaintiff's First Amended Complaint (Dkt. #14), is hereby stayed pending Defendants' response to the Court's August 11, 2020 Order directing Corporation Counsel to identify the remaining John Doe Defendants. (Dkt. #17). After Defendants provide a response to the August 11, 2020 Order, Plaintiff may seek to amend his complaint to add additional defendants. At that time, the Court will set a schedule for Plaintiff to further amend his complaint, for Defendants to respond to Plaintiff's complaint, and for the development of a case management plan. For the same reason, the conference scheduled for August 25, 2020, is hereby adjourned *sine die*.

Dated:     August 17, 2020              SO ORDERED.
           New York, New York

                                        HON. KATHERINE POLK FAILLA
                                        UNITED STATES DISTRICT JUDGE

*A copy of this Order was mailed by Chambers to:*

Mark McKinley
18-A-3270
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902

*A copy of this Order was mailed by Chambers to:*

Mark McKinley
18-A-3270
Marcy Correctional Facility
9000 Old River Road
P.O. Box 3600
Marcy, NY 13403