**MEMO ENDORSED**

NAME: MARK MCKINLEY
NUMBER: 18·A·3270
DATE: SEPTEMBER 13, 2020
IN RE: PRO SE OFFICE

20 CV-03606 (KPF)

GREETINGS,

I'M WRITTING RESPECTFULLY REQUESTING INSTRUCTIONS AND PROCEDURE FOR SERVICE [U.S MARSHAL SERVE PROCESS] FOR THE U.S DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

ALSO PROCEDURE WITH REQUESTING COUNSEL. I NEED AN ATTORNEY TO PICK UP MY CASE HOW CAN I GET HELP WITH THAT. PLEASE THANK YOU SO MUCH.

RECEIVED
SDNY PRO SE OFFICE
2020 SEP 17 AM 10: 05

MARK MCKINLEY #18A3270
MARCY CORRECTIONAL FACILITY
P.O. BOX 5000
MARCY, NEW YORK · 13403-5000

The Court is in receipt of Plaintiff's request for assistance litigating his case. (Dkt. #22). The Court invites Plaintiff to make a request for *pro bono* counsel. Enclosed is information about requesting pro bono counsel and the form Plaintiff must complete to make this request.

In determining whether to grant Plaintiff's application, the Court will consider such factors as whether the litigant's claim "seems likely to be of substance," as well as "the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination." *Hodge* v. *Police Officers*, 802 F.2d 58, 60-61 (2d Cir. 1986).

The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Even if Plaintiff's request for *pro bono* counsel is granted, there is no guarantee that a volunteer attorney will decide to take the case, and Plaintiff should be prepared to proceed with the case pro se.

The Clerk of Court is directed to mail a copy of this Order to:
    Mark McKinley
    DIN No. 18A3270
    Marcy Correctional Facility
    P.O. Box 5000
    Elmira, NY 13403

Dated:    September 18, 2020    SO ORDERED.
          New York, New York

*Katherine Polk Failla* (signature)

                                      HON. KATHERINE POLK FAILLA
                                      UNITED STATES DISTRICT JUDGE

*PRO SE* OFFICE
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
DANIEL PATRICK MOYNIHAN UNITED STATES COURTHOUSE
500 PEARL STREET, ROOM 230
NEW YORK, NEW YORK 10007

**Ruby J. Krajick**
CLERK OF COURT

### INFORMATION REGARDING *PRO BONO* (VOLUNTEER) COUNSEL

The Sixth Amendment of the United States Constitution guarantees free legal representation only to persons who have been charged with a crime. The Sixth Amendment guarantee, however, does <u>not</u> extend to persons involved in civil cases. If you are unable to obtain a lawyer to represent you in a civil case pending in federal district court, you may submit an application to the Court to request that a volunteer lawyer represent you for free. Lawyers who volunteer to represent *pro se* litigants without charging fees are called *pro bono* lawyers. *Pro bono* means "for the public good." The *Pro Se* Office is responsible for managing the group of lawyers who volunteer to represent *pro se* litigants in the Southern District of New York for free. This group is known as the *Pro Bono* Panel.

### When to Apply for *Pro Bono* Counsel

A *pro se* litigant may ask the Court for *pro bono* counsel at any time. The application for counsel may be submitted with the initial complaint at the beginning of the case, immediately before trial or anytime in between. Applications submitted with the initial complaint, however, may be denied without prejudice to filing a new application once the case proceeds a little further — for instance, after the defendants are served with the summons and complaint and have either answered the complaint or moved to dismiss the action.

### How to Apply for *Pro Bono* Counsel

To apply for *pro bono* counsel, you must complete an Application for the Court to Request Counsel. If you paid the filing fee for your case or your financial status has changed since you were granted *In Forma Pauperis* status, you must also submit a new Request to Proceed *In Forma Pauperis*. If your defendants have already been served with the summons and complaint, you must send them a copy of your Application for the Court to Request Counsel and, if appropriate, the supporting Request to Proceed *In Forma Pauperis* before filing your papers with an accompanying Affirmation of Service with the *Pro Se* Office. If you are a defendant, you must mail a copy of your papers to the plaintiff or his/her lawyer before filing your papers with an accompanying Affirmation of Service with the *Pro Se* Office.

Inmates who have filed a Petition for a Writ of *Habeas Corpus* and who seek free counsel should complete and file the Application for Appointment of Counsel pursuant to 18 U.S.C. § 3006A(g) (*habeas corpus* petition). In such cases, the Criminal Justice Act permits the Court to appoint free counsel for indigent *habeas corpus* petitioners. Such appointments are made from the Criminal Justice Act Panel of this Court, not the *Pro Bono* Panel.

**The Decision to Grant or Deny Counsel**

The decision to grant or deny counsel is within the judge's discretion. Factors that the judge may consider when reviewing an application are the complexity of the issues and facts in the case, the type and extent of discovery involved in the case, the complexity of the motions filed in the case, the ability of the litigant to represent himself/herself, the education of the litigant, the ability for the litigant to communicate in English, and the efforts that the litigant has made to obtain a lawyer. If the judge denies your Application without prejudice to renewal, you may file a new application for the Court to Request Counsel at a later date. You should read the judge's decision carefully as it may provide some guidance as to why the application was denied and what circumstances must change before a new application may be granted. If your Application is granted you should notify the *Pro Se* Office immediately.

**What happens when an Application for the Court to Request Counsel is granted?**

If the Court grants your Application, you should contact the *Pro Se* Office immediately. The *Pro Se* Office will then attempt to find a lawyer to volunteer to represent you. The *Pro Se* Office cannot assign a case to a lawyer or require a lawyer to take a case. *Pro bono* lawyers take cases on a strictly volunteer basis once an Application is granted. Therefore, even when an Application is granted, there is no guarantee that a lawyer will take your case.

The process for finding a *pro bono* lawyer is often lengthy. Lawyers reviewing your case may choose to contact you to interview you or to discuss your case or they may choose to accept your case without first communicating with you. If a lawyer decides to take your case, you will be notified by mail and the lawyer will file a Notice of Appearance with the Court. The lawyer may ask you to sign a retainer agreement that will set forth the terms and limits of the representation. Unless and until a lawyer volunteers to represent you, or if no lawyer volunteers to represent you, you are responsible for handling your litigation. If you fail to prosecute your case while the *Pro Se* Office is attempting to locate a lawyer for you, the judge may dismiss your case.

You have the right to withdraw your Application for the Court to Request Counsel and to continue to proceed *pro se* at any time. If you choose to do so, you must make the request to the judge by writing a letter to Court. Remember to send a copy of the letter to the other parties first and attach a completed Affirmation of Service to the letter you send to the *Pro Se* Office. Upon receipt, the *Pro Se* Office will forward the letter to the judge. If the judge grants your request, your case will be removed from consideration by the *Pro Bono* Panel and you will proceed *pro se*.

**Can *pro bono* lawyers get attorneys fees and costs?**

Many civil rights laws permit a lawyer to file an application to the Court for an attorneys' fee award if the litigant won the case. If granted, the lawyer will receive fees directly from the losing party. Such an award can also include out-of-pocket costs incurred by the lawyer who represented your case, such as expenses for depositions or trial transcripts. In addition, a *pro bono* lawyer may make an application to the Court -- regardless of who won the case and regardless of the law governing the case -- to have limited out-of-pocket costs reimbursed by a Court fund. You should always speak with your *pro bono* lawyer about expectations concerning the lawyer's fees and expenses and you should sign a retainer agreement that sets forth these expectations in writing.

**Who is on the Court's *Pro Bono* Panel and why do the lawyers work for free?**

The Court's *Pro Bono* Panel is made up of lawyers primarily from large and small law firms. The Panel also includes solo practitioners and not-for-profit organizations, as well as a few local law school clinics, which are supervised by lawyers with extensive federal court experience. The *Pro Se* Office is not authorized to provide the identity of any member of the Panel or any information about the lawyers reviewing your case.

Under the ethical rules that lawyers must follow, lawyers are encouraged to perform free legal services for those who are unable to afford it. Lawyers are not required to do *pro bono* work, but most lawyers see a great need for *pro bono* work and take their responsibility seriously. Many bar associations and law firms now encourage *pro bono* work by setting policies and providing support to lawyers who take *pro bono* cases.

**Important Reminders**

Your answers to the questions on the Application for the Court to Request Counsel and the supporting Request to Proceed *In Forma Pauperis* must be truthful. There may be penalties for making false statements, including dismissal of your case.

You are responsible for handling your case unless and until a lawyer volunteers to represent you. You must continue to proceed *pro se* during the time your Application is pending before the Court and, if your Application is granted, during the time the *Pro Se* Office is attempting to locate a *pro bono* lawyer for you. For instance, you must have the defendants served with the summons and complaint and you must follow any schedules or appear at any court proceedings during this time.

*Rev. 10/2010*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____
(List the full name(s) of the plaintiff(s)/petitioner(s).)

-against-

_____

_____
(List the full name(s) of the defendant(s)/respondent(s).)

_____CV_____ (_____) (_____)

Application for the Court to
Request Pro Bono Counsel

I ask the Court to request a *pro bono* attorney to represent me in this action. In support of my application, I declare under penalty of perjury that the following information is true and correct:

1. Have you previously filed a "Request to Proceed in Forma Pauperis" (an IFP application)? Please check the appropriate box below:

    ☐ I have previously filed an IFP application in this case, and it is a true and correct representation of my current financial status.

    ☐ I have not previously filed an IFP application in this case and now attach an original IFP application showing my financial status.

    ☐ I have previously filed an IFP application in this case, but my financial status has changed. I have attached a new IFP application showing my current financial status.

2. Explain why you need an attorney in this case. (Please note that requests for pro *bono* counsel are rarely granted at the early stages of a case and usually not before the Court has issued a decision on the merits of the case.) If you asked for an attorney earlier in this case, please also explain what has changed since you last asked for an attorney.

_____

_____

_____

_____

_____

Rev. 3/27/14

3. Explain what steps you have taken to find an attorney and with what results. (Please identify the lawyers, law firms or legal clinics you have contacted and their responses to your requests. If you have limited access to the telephone, mail, or other communication methods, or if you otherwise have had difficulty contacting attorneys, please explain.)

_____

_____

_____

_____

_____

4. If you need an attorney who speaks a language other than English, state what language(s) you speak: _____.

5. I understand that if an attorney volunteers to represent me and that attorney learns that I can afford to pay for an attorney, the attorney may give this information to the Court.

6. I understand that even if the Court grants this application, I will receive *pro bono* counsel only if an attorney volunteers to take my case and that there is no guarantee that an attorney will volunteer to represent me.

7. I understand that if my answers on this application or in my IFP application are false, my case may be dismissed.

_____    _____
Date                                Signature

_____    _____
Name (Last, First, MI)              Prison Identification # (if incarcerated)

_____    _____
Address           City               State       Zip Code

_____    _____
Telephone Number                    E-mail Address (if available)

2