RECEIVED
SDNY PRO SE OFFICE
2021 MAY 14 01 21

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK MCKINLEY,<br>            Plaintiff,<br><br>    - against -<br><br>CITY OF NEW YORK; KYLE<br>CREVATAS, Sh.#24662; SEAN<br>BROWN, Sh.#41; LOGAN<br>PAYANO, Sh.#28; EDGAR<br>GARCIA, Sh.#3118; all<br>N.Y.P.D Officer's being<br>sued individually,<br><br>            Defendants. | PLAINTIFF'S THIRD AND FINAL<br>AMENDED COMPLAINT UNDER TITLE<br>42 U.S.C.A. §1983.<br><br><br><br>20-Civ. 3606<br><br>[KPF] |

## PRELIMINARY STATEMENT

1.   This is a civil rights action filed by plaintiff MARK MCKINLEY, for compensatory and punitive damages relief pursuant to Title 42 U.S.C.A. §1983, alleging violation of his secured civil rights under the U.S. Constitution.

2.   All defendant's herein named were all acting under the color of State Law.

## JURISDICTION

3.   This Court has jurisdiction over this action pursuant to Title 28 U.S.C.A. §1331, 42 U.S.C.A. §§1983 and 1988.

## VENUE

4.   The incident[s] complained of herein, all occurred in the County of New York, where the Southern District therein is located at.

## GRIEVANCE

5.   No grievances were available, nor required.  Plaintiff was not in the care of the New York City Department of Corrections ("NYCDOC") at the time of the incident.  The incident occurred during an arrest and while in custody of the New York City Police Department. ["NYPD"]

## JURY TRIAL DEMANDED

6.   Plaintiff will respectfully demand a trial by jury, pursuant to Rule 38[b], of the Federal Rules of Civil Procedure.

## PARTIES
## THE PLAINTIFF

7.   Plaintiff MARK MCKINLEY, currently resides at 2422 Snyder Avenue #2, Brooklyn, New York 12226 [347] 486-9864.

## THE DEFENDANT[S]

8.   Defendant City of New York ["City"], was and currently is a Municipal Corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.   Defendant City maintains and controls their agency the NYPD, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned Municipal Corporation, the City.

- 2 -

10. At all times hereafter mentioned, the individually named defendant's, KYLE CREVATAS ["Crevatas"], Sh.#24662; SEAN BROWN ["Brown"], Sh.#41; LOGAN PAYANO ["Payano"], Sh.#28; EDGAR GARCIA ["Garcia"], Sh.#3118, were duly sworn police officer's of said department and were acting under the supervision of said department and according to their official duties.

11. At all times hereafter mentioned, the defendant's, either personally or through their employees, were acting in compliance with the official rules, regulations, laws, statutes, customs, usage and/or practices, policies of the State of New York.

12. Each and all of the acts of the defendant's alleged herein were done by said defendant's while acting within the scope of their employment by defendant City.

13. All defendant's, [except] for defendant City, and Garcia, were employed or still are employed and stationed at the Narcotics Borough South, One Police Plaza, Rm #110-C, New York, New York 10038.

14. Defendant Garcia, was and/or still is assigned to the 1st precinct detective squad located at 16 Ericson Place, New York, New York 10013.

15. Defendant City is located at 100 Church Street, New York, New York 10007.

16. The law was clearly established during the events alleged within the complaint.

- 3 -

## STATEMENT OF FACTS

17.    On March 27, 2018. Plaintiff was inside his building waiting for the elevator to take him to his Seventh (7th) floor apartment located at 64 Essex Street, New York N.Y. 10002.

18.    Plaintiff while waiting for the elevator was tackled to the ground.

19.    Plaintiff was continuously kicked, punched and stomped in the face, head and back repeatedly by five men in dark colored hooded sweatshirts, while on the floor of his building lobby.

20.    Plaintiff started screaming for help under the belief that he was being robbed, because these unknown attackers were going through all of the plaintiff's pockets while he was being assaulted.

21.    About one (1) or two (2) minutes into the assault, one of the attackers identified as defendant Crevates pulled out a badge and told the plaintiff "Stop screaming, we are the police. Shut the fuck up or I'll shoot you nigger."

22.    Plaintiff asked while still being assaulted, what was happening as plaintiff was rolled to his stomach and handcuffed from behind.

23.    After asking that question Supra. plaintiff was kicked hard in his face, to wit, plaintiff's mouth by defendant Crevatas. Plaintiff's vision became blurred.

-4-

24. Plaintiff became dizzy from the powerful kick from Crevatas.

25. Defendant Garcia stated aloud "We don't have anything." Defendant Garcia dragged the plaintiff violently with the help of the other defendant's by his arms into a black van and driven to the (7th) precinct, and placed into a holding cell. The handcuffs were removed. Plaintiff asked for medical treatment but was denied.

26. A short time later defendant Brown came and handcuffed the Plaintiff and took the plaintiff out of the holding cell into another room in the precinct.

27. Upon entering this room there were several other unknown officers there. Brown stated that I can make it easy on myself or take the hard way.

28. Brown asked the plaintiff "Where did you hide the drugs at on your body."

29. Plaintiff stated that he did not have any drugs on his person.

30. Brown then stated "Wrong answer bitch." Plaintiff was immediately knocked to the ground and felt his pants being pulled down.

31. Plaintiff began to struggle and yelled out that you can't do this. Please don't, I'm sorry for whatever I may have done, but you got the wrong guy. Call your supervisor, please.

32. Brown started putting on a pair of latex gloves and stated "you can speak to the hand supervisor," which brought laughter in the room.

33. Brown forcefully put his hands into plaintiff's underwear pulling them down [while plaintiff was held down], and started searching plaintiff's scrotum area.

34. Brown then forcefully put one (1) to (2) fingers into plaintiff's anus, shoving them back and forth many times, causing plaintiff shock and pain.

35. Brown then stated to everyone in the room that he "did not find anything...he's clean."

36. Plaintiff was taken back to the holding cell in an emotional wreck. Plaintiff requested medical treatment, but was denied, as well as his request to see a supervisor.

37. Plaintiff thereafter was taken to central booking and charged with resisting arrest P.L. §205.30, Class A misdemeanor NCIC 4801; Obstruct Governmental Administration 2° degree P.L. §195.05 NCIC 5099.

38. Shortly thereafter, plaintiff was violated by parole due to police contact.

39. Defendant Crevatas came to the plaintiff's parole hearing and intentionally fabricated his report to send plaintiff back to state prison.

40. The assigned Administrative Law Judge immediately recognized that defendant Crevatas was straightout lying to the Judge, who dismissed the parole violation charges, and ordered the plaintiff's immediate release to parole.

41. Plaintiff had spent a total of sixteen [16] days on

Riker's Island, losing everything he owned, including housing.

42. On August 2, 2018, the original charges falsely filed against this plaintiff was dismissed upon motion of the New York County District Attorney's Office.

## AS FOR A FIRST SEPARATE CAUSE OF ACTION
### MONELL CLAIM

43. Plaintiff repeats the entire averments contained in paragraph(s) [1] through [42] as if fully stated herein.

44. Defendant through its agents, servants and/or employees, failed to properly train their employees in following the proper procedures and protocols when detaining, and arresting citizens of this State.

45. Due solely to the defendants failure to train, their police officer employees caused the plaintiff physical pain and suffering, emotional distress, and mental anguish.

46. Due solely to the defendants failure to train, their police officer employees violated this plaintiff's Fourth Amendment Rights, when without a search warrant, nor consent of plaintiff, forcefully;

    [a]. illegally assaulted, detained, arrested the plaintiff without probable cause;

    [b]. illegally sexually assaulted the plaintiff without a court order nor consent of plaintiff, did lower the plaintiff's underwear and searched his scrotum area;

    [c]. illegally without a search warrant nor consent of plaintiff, forcefully probed the plaintiffs outter and

inner anal cavity searching for drugs
that plaintiff did not have in violation
of his Fourth and Eighth Amendment Rights
of the United States;

[d]. failed to train its police officer's in
the protection of those in custody from
the conduct of fellow officer's, to wit,
intervene on the plaintiff's behalf
during the assault by these officer's;

and,

[e]. failure to train its police officer's
in the use of excessive force, and the
failure to train in obtaining medical
treatment and care of those in its
custody.

WHEREFORE plaintiff MARK MCKINLEY, will demand damages from
the City defendant for TWO MILLION DOLLARS ($2,000,000.00.), for
pain and suffering, mental anguish, emotional distress, all
personal injuries, together with attorney fees, costs and
disbursements of this action.

## AS FOR A SECOND SEPARATE CAUSE OF ACTION
## USE OF EXCESSIVE FORCE AND
## UNNECESSARY USE OF FORCE

48. Plaintiff repeats the entire averments contained in
paragraph(s) [1] through [46] [a-e], as if fully stated herein.

49. All defendants named herein except for the City
defendant, used excessive force and unnecessary use of force
against the plaintiff.

50. Plaintiff Mark McKinley, suffered physical pain and suffering from the use of excessive force consisting of and/or compared to a lawless gang assault.

51. Plaintiff Mark McKinley, suffered physical pain and suffering from the use of unnecessary use of force consisting of and compared to a lawless gang assault.

52. Plaintiff did not cause, nor resist any lawful order of a police officer to warrant either excessive or unnecessary use of force.

53. Plaintiff Mark McKinley was set upon, tackled and knocked to the ground by a group of five [5] men who commenced to beating the plaintiff with their fist and feet.

54. Plaintiff Mark McKinley through the actions of defendant Brown [only], did suffer extreme physical pain, when his anal cavity was penetrated by two large fingers in an "in" and "out" motion, without Court Order or consent of the plaintiff.

55. Said force was excessive and unnecessary.

56. Said force was in violation of the plaintiff's constitutional rights under the Fourth, Eighth and Fourteenth Amendments, as well as medical treatment for his sustained injuries.

WHEREFORE plaintiff MARK MCKINLEY, will demand damages in the amount of FOUR MILLION DOLLARS ($4,000,000.00.), for past, present pain and suffering, mental anguish, emotional distress,

together with attorney fees and costs and disbursements of this action.

## AS FOR A SEPARATE CAUSE OF ACTION
## FALSE ARREST WITHOUT PROBABLE CAUSE

57.   Plaintiff repeats the entire averments contained in paragraph(s) [1] through [56], as if fully stated herein.

58.   Defendants herein named, <u>except for the City</u>, did arrest the plaintiff without probable cause.

59.   Defendants herein named, <u>except for the City</u>, did falsely file criminal charges to cover up the illegal conduct perpetrated upon the plaintiff.

60.   Defendants did confine the plaintiff.

61.   Plaintiff was conscious of the confinement.

62.   Plaintiff did not consent to the confinement.

63.   The confinement was not privileged.

64.   The false charges filed against the plaintiff were terminated in the plaintiff's favor upon request and motion of the New York County District Attorney's Office.

WHEREFORE plaintiff MARK MCKINLEY, will demand damages in the amount of TWO MILLION ($2,000,000.00.), for conscious pain and suffering, emotional distress, emotional trauma, mental anguish, past pain and suffering, together with attorney fees along with costs and disbursements of this action.

## AS FOR A FOURTH SEPARATE FINAL CAUSE OF ACTION
### FAILURE TO INTERVENE

65. Plaintiff repeats the entire averments contained in paragraph(s) [1] through [64], as if fully stated herein.

66. All defendant's herein named, <u>except for the City and Brown</u>, failed to protect this plaintiff from their fellow officer's assaultive behavior and conduct toward the plaintiff.

67. Defendant's either stood by and watched and/or observed the assaultive behavior and conduct being inflicted upon the plaintiff.

68. The defendant's [e]ach had an opportunity to prevent and/or stop the other defendant's conduct, but failed to do such.

69. Said failure to intervene by the defendant's, was the sole and exact cause of the plaintiff's injuries, pain and suffering.

WHEREFORE plaintiff MARK MCKINLEY, will demand damages in the amount of TWO MILLION DOLLARS ($2,000,000.00.), **for actual damages, pain and suffering, emotional trauma, mental anguish, emotional distress, together with attorney fees, costs and disbursements** of this action.

Dated: May 6th, 2021
      Brooklyn, New York

- 11 -

## 28 USCA §1746


      MARK MCKINLEY, hereby affirms under the penalty of perjury, that the information above herein is true and correct to the best of my knowledge as I know them to be true based upon information and belief.   AFFIANT FURTHER SAYETH NAUGHT.


                                ————————————————
                                MARK MCKINLEY
                                PLAINTIFF, pro-se.
                                2422 Snyder Avenue #2
                                Brooklyn, New York 12226
                                [347] 486-9864


TO:  ANDREW B. SPEARS [   ]
     ASSISTANT CORPORATION COUNSEL
     Special Federal Litigation Div.
     100 Church Street
     New York, New York 10007
     [212] 356-3159
     For all defendants...

Mark McKinley
500 East 76th St., 2RS
New York, NY 10021



US District Court Southern District of
New York
ATTN: Pro Se Intake Unit
500 Pearl Street
New York, NY 10007

RECEIV
SDNY PRO SE OFFI
2021 MAY 14  PM 2: 24