UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

MARK MCKINLEY,

                                    Plaintiff,

               - against -

CITY OF NEW YORK; KYLE CREVATAS, Sh.
#24662; SEAN BROWN, Sh.#41 ; LOGAN PAYANO,
Sh.#28; EDGARD GARCIA, SH.#3118; all N.Y.P.D.
Officer's being sued individually,

                                    Defendants.

------------------------------------------------------------------------ X

**ANSWER TO PLAINTIFF'S
THIRD & FINAL AMENDED
COMPLAINT BY
DEFENDANTS THE CITY OF
NEW YORK, CREVATAS,
BROWN, PAYANO, AND
GARCIA**

20 Civ. 3606 (KPF)

**Jury Trial Demanded**

          Defendants the City of New York, New York City Police Department ("NYPD")

Detective Crevatas, NYPD Detective Brown, NYPD Detective Payano, and NYPD Detective

Garcia, by their attorney Georgia M. Pestana, Acting Corporation Counsel of the City of New

York, for their Answer to plaintiff's "Third & Final Amended Complaint Under Title 42:1983"

(hereinafter, the "TAC"), respectfully allege, upon information and belief, as follows:

          1.     Deny the allegations set forth in paragraph "1" of the TAC, except admit

that plaintiff purports to proceed as stated therein.

          2.     State that the allegations set forth in paragraph "2" of the TAC are legal

conclusions to which no response is required.

          3.     Deny the allegations set forth in paragraph "3" of the TAC, except admit

that plaintiff purports to invoke jurisdiction as stated therein.

          4.     Deny the allegations set forth in paragraph "4" of the TAC, except admit

that plaintiff purports to establish venue stated therein.

5.      Deny the allegations set forth in paragraph "5" of the TAC, except admit that plaintiff alleges that the underlying incident in this matter occurred during his lawful arrest by members of the NYPD, and state that, to the extent the allegations therein contain legal conclusions, no response is required.

6.      The allegations set forth in paragraph "6" of the TAC are not averments of fact that require a response.

7.      Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the TAC.

8.      Deny the allegations set forth in paragraph "8" of the TAC, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York.

9.      Deny the allegations set forth in paragraph "9" of the TAC, except admit that the City of New York maintains a police department and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

10.      Deny the allegations set forth in paragraph "10" of the TAC, except admit that on or about March 27, 2018, defendants Crevatas, Payano, Garcia, and Brown were employed by the City of New York as members of the NYPD.

11.      State that the allegations set forth in paragraph "11" of the TAC are legal conclusions to which no response is required.

12.      State that the allegations set forth in paragraph "12" of the TAC are legal conclusions to which no response is required.

13.     Deny the allegations set forth in paragraph "13" of the TAC, except admit that defendants Crevatas, Payano, and Brown were employed by the City of New York as members of the NYPD, assigned to Narcotics Borough Manhattan South, on or about March 27, 2018.

14.     Deny the allegations set forth in paragraph "14" of the TAC, except admit that defendant Garcia was employed by the City of New York as a member of the NYPD, assigned to Narcotics Borough Manhattan South, on or about March 27, 2018.

15.     Deny the allegations set forth in paragraph "15" of the TAC, except admit that the Office of the Corporation Counsel of the City of New York is located at 100 Church Street, New York, NY 10007.

16.     State that the allegations set forth in paragraph "16" of the TAC are legal conclusions to which no response is required.

17.     Deny the allegations set forth in paragraph "17" of the TAC, except admit that plaintiff was lawfully arrested in the vicinity of 64 Essex Street, New York, NY 10002 on March 27, 2018.

18.     Deny the allegations set forth in paragraph "18" of the TAC, except admit that plaintiff was lawfully arrested in the vicinity of 64 Essex Street, New York, NY 10002 on March 27, 2018.

19.     Deny the allegations set forth in paragraph "19" of the TAC.

20.     Deny the allegations set forth in paragraph "20" of the TAC, except admit that plaintiff was lawfully searched incident to his lawful arrest on March 27, 2018.

21.     Deny the allegations set forth in paragraph "21" of the TAC, except admit that defendants identified themselves to plaintiff as police officers, and directed plaintiff to stop resisting.

22.     Deny the allegations set forth in paragraph "22" of the TAC, except admit that plaintiff was lawfully handcuffed on March 27, 2018.

23.     Deny the allegations set forth in paragraph "23" of the TAC.

24.     Deny the allegations set forth in paragraph "24" of the TAC.

25.     Deny the allegations set forth in paragraph "25" of the TAC, except admit that, following his lawful arrest, plaintiff was transported to NYPD Police Service Area ("PSA") 4 and lawfully detained.

26.     Deny the allegations set forth in paragraph "26" of the TAC, except admit that, during his detainment at PSA 4, plaintiff was removed to different locations within the precinct.

27.     Deny the allegations set forth in paragraph "27" of the TAC.

28.     Deny the allegations set forth in paragraph "28" of the TAC.

29.     Deny the allegations set forth in paragraph "29" of the TAC.

30.     Deny the allegations set forth in paragraph "30" of the TAC, except admit that plaintiff was lawfully searched inside PSA 4 on March 27, 2018.

31.     Deny the allegations set forth in paragraph "31" of the TAC.

32.     Deny the allegations set forth in paragraph "32" of the TAC.

33.     Deny the allegations set forth in paragraph "33" of the TAC, except admit that plaintiff was lawfully searched inside PSA 4 on March 27, 2018.

34.     Deny the allegations set forth in paragraph "34" of the TAC, except admit that plaintiff was lawfully searched inside PSA 4 on March 27, 2018.

35.     Deny the allegations set forth in paragraph "35" of the TAC.

36.     Deny the allegations set forth in paragraph "36" of the TAC.

37.     Deny the allegations set forth in paragraph "37" of the TAC, except admit that following plaintiff's arrest on March 27, 2018, plaintiff was transported to Central Booking and charged with resisting arrest and obstruction of governmental administration.

38.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the TAC.

39.     Deny the allegations set forth in paragraph "39" of the TAC.

40.     Deny the allegations set forth in paragraph "40" of the TAC, except deny knowledge and information sufficient to form a belief as to the truth of the allegations concerning the purported dismissal of plaintiff's parole violation charges, and "immediate release to parole."

41.     Deny the allegations set forth in paragraph "41" of the TAC, except deny knowledge and information sufficient to form a belief as to the truth of the allegations concerning the length of plaintiff's incarceration at Rikers Island.

42.     Deny the allegations set forth in paragraph "42" of the TAC, except admit that the criminal charges stemming from plaintiff's arrest on March 27, 2018 were dismissed on August 2, 2018.

43.     In response to the allegations set forth in paragraph "43" of the TAC, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

44.     Deny the allegations set forth in paragraph "44" of the TAC.

45.     Deny the allegations set forth in paragraph "45" of the TAC.

46.     Deny the allegations set forth in paragraph "46" of the TAC, including its subparts and the "Wherefore" clause, except admit that plaintiff purports to seek the relief stated therein.

47.      In response to the allegations set forth in paragraph "48" of the TAC, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

48.      Deny the allegations set forth in paragraph "49" of the TAC.

49.      Deny the allegations set forth in paragraph "50" of the TAC.

50.      Deny the allegations set forth in paragraph "51" of the TAC.

51.      Deny the allegations set forth in paragraph "52" of the TAC.

52.      Deny the allegations set forth in paragraph "53" of the TAC.

53.      Deny the allegations set forth in paragraph "54" of the TAC.

54.      Deny the allegations set forth in paragraph "55" of the TAC.

55.      Deny the allegations set forth in paragraph "56" of the TAC, including the "Wherefore" clause, except admit that plaintiff purports to seek the relief stated therein.

56.      In response to the allegations set forth in paragraph "57" of the TAC, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

57.      Deny the allegations set forth in paragraph "58" of the TAC.

58.      Deny the allegations set forth in paragraph "59" of the TAC.

59.      Deny the allegations set forth in paragraph "60" of the TAC, except admit that plaintiff was lawfully arrested and detained on March 27, 2018, and state that, to the extent the allegations contain legal conclusions, no response is required.

60.      State that the allegations set forth in paragraph "61" of the TAC are legal conclusions to which no response is required.

61.     State that the allegations set forth in paragraph "62" of the TAC are legal conclusions to which no response is required.

62.     Deny the allegations set forth in paragraph "63" of the TAC, and state that, to the extent the allegations contain legal conclusions, no response is required.

63.     Deny the allegations set forth in paragraph "64" of the TAC, including the "Wherefore" clause, except admit that the criminal charges stemming from plaintiff's arrest on March 27, 2018 were dismissed, and admit that plaintiff purports to seeks relief as stated therein.

64.     In response to the allegations set forth in paragraph "65" of the TAC, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

65.     Deny the allegations set forth in paragraph "66" of the TAC.

66.     Deny the allegations set forth in paragraph "67" of the TAC.

67.     Deny the allegations set forth in paragraph "68" of the TAC, and state that, to the extent the allegations contain legal conclusions, no response is required.

68.     Deny the allegations set forth in paragraph "69" of the TAC, including the "Wherefore" clause, except admit that plaintiff purports to seek relief as stated therein.

**FIRST AFFIRMATIVE DEFENSE:**

69.     The TAC fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE:**

70.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of defendants, because, *inter alia*, plaintiff resisted his lawful arrest on March 27, 2018.

### THIRD AFFIRMATIVE DEFENSE:

71.     Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any acts of Congress providing for the protection of civil rights.

### FOURTH AFFIRMATIVE DEFENSE:

72.     There was probable cause for plaintiff's arrest, detention, and prosecution because, *inter alia*, on March 27, 2018, he was observed engaging in a suspected drug transaction and, during his subsequent apprehension, resisted his lawful arrest.

### FIFTH AFFIRMATIVE DEFENSE:

73.     Plaintiff may have failed to comply with conditions precedent to suit, including those under New York General Municipal Law §§ 50-e, et seq.

### SIXTH AFFIRMATIVE DEFENSE:

74.     Plaintiff may have failed to mitigate his alleged damages.

### SEVENTH AFFIRMATIVE DEFENSE:

75.     Plaintiff's claims may be barred, in part, by the applicable statute of limitations.

### EIGHT AFFIRMATIVE DEFENSE:

76.     Plaintiff provoked any incident by, *inter alia*, resisting his lawful arrest on March 27, 2018.

## NINTH AFFIRMATIVE DEFENSE:

77.     There was reasonable suspicion, probable cause, and/or exigent circumstances for any alleged stop or search because, *inter alia*, on March 27, 2018, plaintiff was observed engaging in a suspected drug transaction.

## TENTH AFFIRMATIVE DEFENSE:

78.     Punitive damages cannot be assessed against defendant City of New York.

## ELEVENTH AFFIRMATIVE DEFENSE:

79.     Defendants have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known, and therefore, are protected by qualified immunity because, *inter alia*, there was at least arguable probable cause to arrest plaintiff on March 27, 2018, and search him incident to that arrest.

## TWELVTH AFFIRMATIVE DEFENSE:

80.     At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City is entitled to governmental immunity from liability.

**WHEREFORE,** defendants the City of New York, NYPD Detective Crevatas, NYPD Detective Payano, NYPD Detective Garcia, and NYPD Detective Brown request judgment dismissing the TAC in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:        New York, New York
              June 24, 2021

                                    **GEORGIA M. PESTANA**
                                    Acting Corporation Counsel of the
                                    City of New York
                                    *Attorney for defendants*
                                    100 Church Street
                                    New York, New York 10007
                                    (212) 356-3159


                                            Respectfully submitted,


                                            *Andrew B. Spears*          /s
                                    _____
                                            Andrew B. Spears
                                            *Assistant Corporation Counsel*
                                            Special Federal Litigation Division


cc:     **VIA U.S. MAIL**
        Mark McKinley
        Plaintiff *pro se*
        2422 Snyder Avenue
        Apt. 2
        Brooklyn, New York 12226

20 Civ. 3606 (KPF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK MCKINLEY,

                                Plaintiff,

              - against -

CITY OF NEW YORK; KYLE CREVATAS, Sh. #24662; SEAN BROWN, Sh.#41 ; LOGAN PAYANO, Sh.#28; EDGARD GARCIA, SH.#3118; all N.Y.P.D. Officer's being sued individually,

                                Defendants.

**ANSWER TO PLAINTIFF'S THIRD & FINAL AMENDED COMPLAINT BY DEFENDANTS THE CITY OF NEW YORK, CREVATAS, BROWN, PAYANO, AND GARCIA**

**GEORGIA M. PESTANA**
Acting Corporation Counsel of the City of New York
*Attorney for defendants*
New York, New York 10007
Of Counsel: Andrew B. Spears
Tel:  (212) 356-3159

*Due and timely service is hereby admitted.*

*New York, N.Y.   ................................... , 2021 . . .*

*.................................................................... Esq.*

*Attorney for ...........................................................*