UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

| | |
|---|---|
| MARK MCKINLEY, | **STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER** |
| Plaintiff, | |
| -against- | |
| DETECTIVE CREVATAS, et al., | 20 Civ. 3606 (KPF) |
| Defendants. | |

------------------------------------------------------------------------ x

**WHEREAS**, Defendants the City of New York, New York City Police Department ("NYPD") Detective Crevatas, Detective Payano, Detective Garcia, and Detective Brown (hereinafter the "City Defendants") intend to produce certain documents pursuant to Rule 26 and 34 of the Federal Rules of Civil Procedure that the City Defendants deem or may deem to be confidential, private, subject to an applicable privilege, or otherwise inappropriate for public disclosure;

**WHEREAS**, the City Defendants object to the production of those documents unless appropriate protection for their confidentiality is assured;

**WHEREAS**, good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for Plaintiff and the City Defendants that documents and information shall be provided in accordance with the terms of this Stipulation of Confidentiality and Protective Order as follows:

1.     This Action shall mean <u>Mark McKinley v. Detective Crevatas, et al.</u>, 20 Civ. 3606 (KPF).

2.      As used herein, without waiving the right to later interpose objections concerning these documents, "Confidential Materials" shall mean:

(A)      Employment/personnel related records, including performance evaluations;

(B)      Disciplinary histories or other records from the Civilian Complaint Review Board ("CCRB"), Internal Affairs Bureau, other NYPD divisions or any other governmental agency; and

(C)      Any other documents that may in good faith be designated as "Confidential Materials."

3.      The documents and information as defined in Paragraph 2 shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are: (a) obtained by plaintiff from sources other than the City Defendants, or (b) are otherwise publicly available.

4.      The City Defendants reserve the right to designate any document confidential pursuant to this agreement if necessary after production of such documents to plaintiff.

5.      Any documents produced by a non-party pursuant to a subpoena in this Action and that are designated as Confidential Materials by the City Defendants shall be governed by the terms of this Stipulation of Confidentiality and Protective Order.

6.      The City Defendants shall have a reasonable time to inspect and designate as "Confidential Materials" documents sought from third parties.

7.      The City Defendants shall designate in good faith particular documents "Confidential Materials" by labeling such documents "Confidential" and/or by designating such documents by Bates number in a writing directed to plaintiff's counsel.

8.      Confidential Materials may not be used for any purpose other than for the preparation, settlement, or presentation of this Action.

9.      Inadvertent production of any document or information which is privileged, confidential, and/or was prepared in anticipation of litigation, is otherwise immune from discovery, shall not constitute a waiver of any privilege or confidentiality or of another ground for objecting to discovery with respect to that document, or its subject matter, or the information contained therein, or of the disclosing party's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

10.      If plaintiff objects to the designation of particular documents or information as "Confidential Materials," plaintiff shall state such objection in writing to the City Defendants, and the parties shall endeavor in good faith to resolve such an objection.  If such an objection cannot be resolved, then, within thirty (30) days of receiving the response to the objection to the material's classification as confidential, plaintiff shall seek judicial intervention.  Any such materials or information shall remain confidential until the parties resolve the objection or there is a resolution of the designation by the Court.

11.      Plaintiff's attorney shall not disclose the Confidential Materials to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

a.      Disclosure may be made only if necessary to the preparation or presentation of plaintiff's case in this Action to those individuals described in the subparagraph (b) below.

b.      Disclosure before trial may be made only to a party, to an expert who has been retained or specially employed by a party's attorney in anticipation of litigation or preparation for this Action, to a witness and court reporter at deposition, or to the Court.

c.      Before any disclosure is made to a person listed in subparagraphs (a) and (b) above (other than to the Court), plaintiff's attorney shall provide each such person with a copy of this Stipulation of Confidentiality and Protective Order for review, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution or settlement of this Action and not to further disclose the Confidential Materials except in testimony taken in this Action. plaintiff's attorney shall retain the signed consent and furnish a copy to the City Defendants' attorney upon request, although the name of an expert that plaintiff does not intend to call as a trial witness may be redacted from such consent before it is produced.

12.      Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential.  The City Defendants may designate deposition exhibits and portions of deposition testimony as Confidential either by: (a) indicating on the record during the deposition that questions relate to Confidential Materials, and can request that the court reporter/stenographer to bind the transcript of the designated testimony in a separate volume and with a cover page prominently marked "Confidential Information Governed by Stipulation of Confidentiality and Protective Order;" or (b) notifying the court reporter/stenographer and all attorneys of record, in writing, within 45 days after a deposition transcript has been received of the specific pages and lines of the transcript that are to be designated "Confidential," in which event the parties receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the attorneys for the respective parties.

13.     If either party intends to file with the Court a document that discusses the contents of material designated as a Confidential Material to the extent that such designated was permitted by Paragraphs 2 and 3, above, it shall give notice to the opposing party by providing the opposition party with a copy of the document it proposes to file.

14.     If the opposing party objects to the public filing of the document it shall file a motion within 7 days of its receipt of the document, asking the Court for an order directing that the paper be sealed and/or that portions of it be redacted in the file that is accessible to the public.

15.     Within 30 days after the termination of this Action, including any appeals, the "Confidential Materials," including all copies, notes, and other materials containing or referring to information derived therefrom (other than the Court's copies of such materials), shall be returned to the City Defendants' attorneys or, upon the City Defendants' attorneys' consent, destroyed; except that plaintiff's counsel shall retain one copy of the Confidential Materials, and any Confidential Materials containing plaintiff's attorney work product, to the extent required to comply with applicable law or regulation, so long as appropriate and reasonable safeguards (at least as stringent as those used to protect plaintiff's own information of like nature) are imposed to prevent the use of the Confidential Materials for any other purpose.  Confidential Materials which were uploaded to a database or review platform, including any backups, and which cannot reasonably be deleted, must be quarantined and secured to prohibit access to the Confidential Materials.

16.     Nothing in this Stipulation of Confidentiality and Protective Order shall be construed to limit the City Defendants' use of their own Confidential Materials in any manner.

17.     This Stipulation of Confidentiality and Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential

Materials are produced or disclosed.  All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time.  Once this Action has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by plaintiff, or anyone receiving confidential documents pursuant to paragraph 11 herein, for any purpose without prior Court approval.

18.     This Stipulation of Confidentiality and Protective Order shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

19.     The terms of this Stipulation of Confidentiality and Protective Order shall be binding upon all current and future parties to this Action and their counsel.

20.     This Stipulation of Confidentiality and Protective Order may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Stipulation of Confidentiality and Protective Order, which shall be binding upon and effective as to all Parties.

21.     The Court will retain jurisdiction over all persons subject to this Stipulation of Confidentiality and Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated: New York, New York
      August 27, 2021

SIVIN & MILLER, LLP
*Attorneys for Plaintiff*
20 Vesey Street
Suite 1400
New York, NY 10007
(212) 349-0300
Fax: (212) 406-9462
Email: esivin@sivinandmiller.com


By: *Edward Sivin*
    Edward Sivin, Esq.

GEORGIA M. PESTANA
Corporation Counsel of the
 City of New York
*Attorney for the City Defendants*
100 Church Street, Rm. 3-216
New York, New York 10007
(212) 356-3159
aspears@law.nyc.gov


By: *Andrew B. Spears* /s
    Andrew B. Spears


SO ORDERED:

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

Dated:  August 30, 2021


This confidentiality agreement does not bind the Court or any of
its personnel.  The Court will retain jurisdiction over the
terms and conditions of this agreement only for the pendency of
this litigation.  Any party wishing to make redacted or sealed
submissions shall comply with Rule 6(A) of this Court's
Individual Rules of Civil Procedure.