UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK McKINLEY,

                Plaintiff,

                -v.-

DETECTIVE KYLE CREVATAS, *Shield #24662*;
DETECTIVE LOGAN PAYANO, *Shield #28*;
OFFICER EDGAR GARCIA, *Shield #3118*;
DETECTIVE SEAN BROWN, *Shield #41*; NYPD
UNDERCOVER OFFICER UC 376,

                Defendant.

20 Civ. 3606 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

    Currently pending before the Court is Defendants' motion for judgment on the pleadings. (Dkt. #81). In so moving, Defendants ask the Court to enter judgment in their favor on the grounds that Plaintiff executed a General Release in an unrelated matter that encompasses the civil rights claims he asserts in this case.

    In connection with this motion, the parties have attached several documents outside of the pleadings, all of which relate to the earlier-filed case of *McKinley* v. *City of New York* ("*McKinley I*"), No. 23566/2018 (N.Y. Sup. Ct.). More specifically, Defendants submitted (i) the Stipulation of Settlement in *McKinley I*; and (ii) the General Release executed in connection with the parties' resolution of *McKinley I*. (Dkt. #82). For his part, Plaintiff filed (i) a declaration, explicating his understanding of the settlement documents in *McKinley I*; and (ii) the Stipulation of Discontinuance in *McKinley I*. (Dkt. #84). None of these materials is referenced in Plaintiff's Fourth

Amended Complaint or Defendants' Answer, nor are they proper subjects of judicial notice.

Pursuant to Federal Rule of Civil Procedure 12(d), a Court must treat a motion under Rule 12(c) as one for summary judgment under Rule 56 when "matters outside the pleadings are presented to and not excluded by the court." The rule further provides that "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Defendants' motion for judgment on the pleadings hinges entirely on the scope of the General Release that Plaintiff executed in *McKinley I*. Given the focused nature of Defendants' argument, the Court is unable to resolve Defendants' motion without considering the General Release. Accordingly, the Court exercises its discretion to convert Defendants' motion for judgment on the pleadings into a motion for judgment for summary judgment and to consider the extraneous evidence provided by the parties. The Court expects the parties will not be surprised by this conversion, as they both presented materials extraneous to their pleadings in connection with Defendants' motion. Nevertheless, to ensure that this conversion does not prejudice Plaintiff, the Court will provide him an opportunity to supplement his submission.

It is, therefore, ORDERED that Defendants' motion for judgment on the pleadings be converted to a motion for summary judgment. If Plaintiff wishes to supplement his submission, he shall have until **June 14, 2022**, to present any additional materials pertinent to this motion, including an additional letter-brief not to exceed five pages. The Court wishes to underscore that it is

2

not ordering Plaintiff to make a supplemental filing. If Plaintiff would prefer to stand on his current submission, he shall promptly notify the Court of this intention. In the event Plaintiff files a supplemental submission, Defendants shall have until **June 21, 2022**, to provide additional argument, including an additional letter-brief not to exceed three pages.

    SO ORDERED.

Dated:  May 31, 2022
          New York, New York

                                      KATHERINE POLK FAILLA
                                      United States District Judge