

HON. SYLVIA O. HINDS-RADIX
*Corporation Counsel*

**THE CITY OF NEW YORK**
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

ANDREW B. SPEARS
*Assistant Corporation Counsel*
phone: (212) 356-3159
fax: (212) 356-1148
aspears@law.nyc.gov

July 6, 2022

**VIA ECF**
Hon. Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

<div style="border:1px solid black; display:inline-block; padding:4px;">

**MEMO ENDORSED**

</div>

>          Re:      Mark McKinley v. City of New York, et al.,
>                   20 Civ. 3606 (KPF)

Your Honor:

     I am the attorney assigned to represent defendants the City of New York ("the City"), New York City Police Department ("NYPD") Detective Crevatas, Detective Payano, Detective Garcia, Detective Brown, and Undercover Officer UC 376 in the above-referenced matter. The parties write in accordance with the Court Order dated June 8, 2022, to: (1) provide an update as to the status of discovery in this matter; and (2) propose a revised case management plan.

     By way of background, on July 26, 2021, the parties submitted a proposed Civil Case Management Plan and Scheduling Order. (See ECF No. 60). Therein, the parties proposed a November 23, 2021 deadline for the close of fact discovery. (See id.). On July 28, 2021, the Court endorsed the parties' proposed Civil Case Management Plan and Scheduling Order. (ECF No. 62). On November 16, 2021, the Court stayed discovery in this matter. (See ECF No. 78). On June 8, 2022, Your Honor denied defendants' motion for judgment on the pleadings, and further instructed the parties to submit a joint status letter and a revised proposed case management plan by July 6, 2022. (ECF No. 90).

     Prior to the stay, the parties were able to complete the initial phase of discovery in this matter. More specifically, the parties exchanged initial disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, and plaintiff filed his Fourth Amended Complaint. Moreover, the parties each served document requests and interrogatories, and provided their respective responses thereto. However, significant additional time is still required for the parties to complete discovery. Indeed, this Office is still searching for certain pertinent records relating to plaintiff's arrest and prosecution, and defendants also need to review plaintiff's responses to their discovery demands for possible deficiencies. The parties have also yet to engage in settlement discussions. Once the parties have discussed the possibility of settlement, they will potentially

request referral to a Magistrate Judge for a settlement conference.  Further, if any attempts at settlement are unsuccessful, the undersigned intends to conduct plaintiff's deposition, and counsel for plaintiff intends to depose each of the five individual defendants.[1]

In light of the foregoing, the parties respectfully request that the Court adopt the following revised case management plan in this matter:[2]

- Requests to admit, if any, shall be served no later than September 30, 2022;
- The parties recommend that any settlement conference be held prior to the completion of depositions, within the next 90 days;
- All fact discovery, including depositions, shall be completed no later than November 6, 2022;
- Pre-motion conference letters regarding a dispositive motion, if any, shall be filed no later than December 6, 2022, in accordance with the Court's Individual Rules;
- If the parties do not anticipate any dispositive motion practice, they shall file a Joint Pretrial Order by December 6, 2022, prepared in accordance with the Court's Individual Rules and Fed. R. Civ. P. 26(a)(3); and
- Joint requests to charge, joint proposed verdict forms, and joint proposed *voir dire* questions shall be filed on or before December 6, 2022, in accordance with the Court's Individual Rules.

The parties thank the Court for its time and attention to this matter.

Respectfully submitted,

*Andrew B. Spears*          /s
_____
Andrew B. Spears
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:    **VIA ECF**
Edward Sivin, Esq.
*Attorney for plaintiff*

---

[1] The undersigned further notes that the parties will need to enter into a stipulation concerning the protocol for conducting UC 376's deposition, in light of his/her undercover status.

[2] Given that a number of the items included in Your Honor's standard Civil Case Management Plan and Scheduling Order have already been completed by the parties, or are otherwise moot, the parties have opted to propose the remaining discovery deadlines herein.  If the Court would instead prefer the parties to submit an updated version of the Court's Civil Case Management Plan and Scheduling Order, they are prepared to promptly do so.

Application GRANTED.  In conducting the discovery that remains in this case, the parties shall adhere to the above-specified deadlines.  The next pretrial conference in this case is scheduled for **November 9, 2022, at 10:00 a.m.,** in Courtroom 618 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York.

By Thursday of the week prior to this conference, the parties shall submit a joint letter, not to exceed three pages, regarding the status of the case. The letter should include the following information in separate paragraphs:

   (1) A statement of all existing deadlines, due dates, and/or cut-off dates;

   (2) A brief description of any outstanding motions;

   (3) A brief description of the status of discovery and of any additional discovery that needs to be completed;

   (4) A statement describing the status of any settlement discussions and whether the parties would like a settlement conference;

   (5) A statement of the anticipated length of trial and whether the case is to be tried to a jury;

   (6) A statement of whether the parties anticipate filing motions for summary judgment, including the basis of any such motion; and

   (7) Any other issue that the parties would like to address at the pretrial conference or any information that the parties believe may assist the Court in advancing the case to settlement or trial.

In the event the parties wish to convene a settlement conference before the designated magistrate judge in advance of the close of fact discovery, they shall file a joint letter to the Court so indicating.

Dated:    July 7, 2022                    SO ORDERED.
          New York, New York

                                          HON. KATHERINE POLK FAILLA
                                          UNITED STATES DISTRICT JUDGE